IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TEVIN BLAKE, #362066      *
    Plaintiff,
v.      * CIVIL ACTION NO. ELH-17-3605

DR. BLAKE      *
WEXFORD HEALTH SERVICES
    Defendant.      *
\*\*\*\*\*

## **MEMORANDUM**

This 42 U.S.C. § 1983 prisoner civil rights action (ECF 1) and indigency motion (ECF 2) was filed by Tevin Blake on December 1, 2017. Blake, who is self-represented, seeks $100,000.00 in compensation and miscellaneous relief (prison transfer, reduction in time, and a dental implant) for alleged injury experienced as a result of a dental procedure. Blake names as defendants Dr. Blake,[1] the dentist who performed the procedure, as well as "Wexford Health Services" ("Wexford"), the private corporation that furnishes medical services to and utilization review for inmates of the Maryland Division of Correction ("DOC"). ECF 1.

At the relevant time, Blake was housed at "WCI." ECF at 3. He is now imprisoned at "NBCI." *Id.* at 4. Blake's statement of claim reads as follows, ECF 1 at 3:

> Around March, April of 2016, I was housed in WCI. I was examined by dentist Dr. Blake. Upon examination it was decided I needed fillings in various teeth. 2 weeks later my fillings were done. I experienced sever [sic] pain a few weeks later and put in sick calls. Nothing was done until 8-18-16 on another sick call. Upon examination they acknowledged that Dr. Blake had hit a nerve going to[o] far and they had to extract it. They also told me that I never need a filling because I had no cavaties [sic] from the get go. My tooth was pulled on 8-22-2016 and I experienced pain once #29 tooth was removed.

---

[1] The Court assumes plaintiff Blake and Dr. Blake are not related.

Even when affording Blake's complaint a generous construction, his claims are subject to dismissal. Plaintiff's claims regarding Dr. Blake's misdiagnosis as to the need for the dental procedure and Dr. Blake's performance of the procedure itself state, at best, a claim of dental malpractice. The allegations are not reviewable by the court under the Eighth Amendment because negligence is not actionable under 42 U.S.C. § 1983. *See Davidson v. Cannon,* 474 U.S. 344, 347-48 (1986); *Daniels v. Williams,* 474 U.S. 327, 333-34 (1986); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also Green v. Khrisnaswamy*, 328 F. Supp. 417, 419-20 (W. D. N.Y. 2004) (placing of metal dental fillings on nerve ending of teeth states at most a claim of negligence. Therefore, the complaint against Dr. Blake shall be dismissed, without prejudice.[2]

Blake's claims against defendant Wexford are more problematic. In effect, Blake claims that after the dental procedure in March or April of 2016, he experienced severe pain and placed a number of sick-call slips with the medical department, with no response until August 18, 2016. ECF 1 at 3. Wexford, which provides medical care to inmates, not dental care, is also responsible for

---

[2] To the extent that Blake claims negligence with regard to the procedure performed by Dr. Blake, he is required to comply with the requirements of Maryland's Health Care Malpractice Claims Act ("HCMCA") prior to bringing a medical malpractice claim. He must exhaust his medical malpractice claim before the Maryland Health Claims Alternative Dispute Resolution Office as a condition precedent to any judicial action. *See* Md. Code, Cts. & Jud. Proc. § 3-2A-02. This exhaustion requirement applies to claims of medical malpractice filed in federal courts. *See Davison v. Sinai Hospital of Baltimore, Inc.,* 462 F. Supp. 778, 779-81 (D. Md. 1978); *see also Lewis v. Waletzky*, 576 F. Supp. 732, 736-387 (D. Md. 1978).

However, the condition precedent of exhaustion does not take away the subject matter jurisdiction of a state circuit court to hear and render judgments in cases involving claims that fall within the Health Care Malpractice Claims Act. *See, e.g. Octopi v. McGowan*, 294 Md. 83, 447 A.2d 860, 864-65 (Md. 1982). Notably, under Maryland law, a malpractice claim may be filed within the earlier of five years from the time the injury was committed or three years from the time the injury was discovered. *See* Md. Code, Cts. & Jud. Proc. § 5-109(a).

management and DOC medical utilization review and may be answerable for the alleged delays in Blake's receipt of post-procedure examination and care.

The complaint submitted by Blake, however, does not state with adequate particularity the dates or approximate dates that he submitted sick-call slips in relation to his claim of delayed response. Nor does he particularize the injury attributable to the delay, as opposed to the alleged dental malpractice. Because complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that contains a potentially cognizable claim should have the opportunity to particularize the complaint in order to define the issues and to name proper defendants. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Accordingly, I shall dismiss the complaint against Dr. Blake, without prejudice, Blake shall be granted the opportunity to supplement his allegations against Wexford to provide the additional information sought by the court. When filing his supplemental complaint, Blake must place the case number "ELH-17-3605" in the caption. He is cautioned that the failure to file a timely and responsive supplemental complaint will result in the dismissal of his case, without prejudice, and without further notice. A decision on Blake's motion for leave to proceed in forma pauperis shall be stayed until further notice.

A separate Order follows.

Date: <u>December 8, 2017</u>            /s/
                                         Ellen L. Hollander
                                         United States District Judge